UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

CHARLES VERNON ECHOLS,

        Petitioner,

v.

SHERRY BURT,

        Respondent.

_____/

Case No. 1:18-cv-903

Honorable Paul L. Maloney

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. Factual Allegations

Petitioner Charles Vernon Echols is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. On June 10, 2016, following a four-day jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529, and assault with a dangerous weapon (felonious assault), Mich. Comp. Laws § 750.82. On July 5, 2016, the court sentenced Petitioner to concurrent prison terms of 13 to 35 years for the armed robbery conviction and 608 days for the felonious assault conviction.

Petitioner, with the assistance of counsel, directly appealed his conviction raising two issues: (1) Petitioner was denied his constitutional right to a fair trial when he was not able to offer immunity to a witness; and (2) the trial court abused its discretion and denied Petitioner his due process right to a fair trial when the court permitted a rebuttal witness to testify and then, to testify only in part. By opinion issued December 12, 2017, the appellate court rejected Petitioner's challenges. *People v. Echols*, No. 334736, 2017 WL 6346301 (Mich. Ct. App. Dec. 12, 2017). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same two grounds. (Pet., ECF No. 1, PageID.2-3.) That court denied leave by order entered July 3, 2018. *People v. Echols*, 913 N.W.2d 319 (Mich. 2018).

On August 8, 2018, Petitioner filed his habeas corpus petition, raising the same two issues he raised in the Michigan appellate courts. (Pet., ECF No. 1, PageID.6-7.)

The Michigan Court of Appeals concisely summarized the facts underlying Petitioner's convictions:

> In October 2014, defendant, using a knife, robbed the Sunny Mart liquor store in Kalamazoo, Michigan. Defendant admitted to the crime, but he claimed that he

> committed the robbery under duress. According to defendant, in March 2014, he stole a quantity of cocaine from Reginald Alexander, whom he knew as "Reggie Hogan." Defendant claimed that when Alexander found out, he kidnapped defendant's six-year-old son, J.L., and forced defendant to rob Sunny Mart for money to replace the cocaine.
>
> Detectives for the Kalamazoo Department of Public Safety investigated defendant's claim. They located J.L. and determined that he was never kidnapped. When confronted with this information, defendant claimed that he had two sons with different women, both sons were six years old, and both were named J.L. Defendant claimed that the detectives found the wrong son. The detectives were able to determine that defendant had various children, but only one was named J.L. The detectives were otherwise not able to find any evidence that supported defendant's claim. The detectives also interviewed Alexander, who denied defendant's allegations, and claimed that he did not know defendant had a minor son.
>
> Defendant testified at trial regarding the alleged kidnapping and the resulting robbery under duress. After defendant testified, the prosecution called Alexander as a rebuttal witness to defendant's testimony. During cross-examination, defense counsel asked Alexander if he ever sold drugs to defendant. Alexander asserted his Fifth Amendment right. Alexander otherwise testified that there was no child with him or defendant at any point during the day of the robbery, that there was no car seat for a child in defendant's car, and that he was not aware that defendant had a minor son. He also denied being at a party with defendant in March 2014 or that defendant was in debt to him for any reason. Alexander denied sending people to defendant's house, kidnapping his son, or forcing defendant to rob Sunny Mart.

*Echols*, 2017 WL 6346301, at *1. Petitioner does not contest the facts described by the appellate court.

## II. AEDPA Standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-382; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words,

"[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Immunity

Petitioner first argues that his trial was rendered unfair, specifically he was deprived of his duress defense, because he could not offer immunity to Alexander to overcome the witness's invocation of his privilege against self-incrimination. The Michigan Court of Appeals rejected the claim because Petitioner never asked that Alexander be granted immunity. *Echols*, 2017 WL 6346301, at *2. Moreover, the court determined that Alexander's claim of the privilege did not actually hamper Petitioner's ability to present his defense. *Id.*

A defendant's right to present his own defense witnesses constitutes "a fundamental element of due process." *Washington v. Texas*, 388 U.S. 14, 19 (1967). But, "*Washington v. Texas* does not hold that a defendant has the right to present any and all witnesses." *Davis v. Straub*, 430 F.3d 281, 290 (6th Cir. 2005). To the contrary, the Supreme Court indicated that "[n]othing in this opinion should be construed as disapproving testimony privileges, such as the privilege against self-incrimination[.]" *Washington*, 388 U.S. at 23 n. 21. "The fact that a witness decides to invoke

5

his or her Fifth Amendment right not to testify does not deny the defendant seeking to call that witness a fair trial." *United States v. Stapleton*, 297 F. App'x 413, 430 (6th Cir. 2008). Petitioner does not identify any clearly established federal law to the contrary.[1] Thus, the state appellate court's determination that Alexander's invocation of the privilege did not deny Petitioner a fair trial is neither contrary to, nor an unreasonable application of, clearly established federal law.

Moreover, the appellate court's factual determinations are reasonable on the record. Petitioner had introduced all of the evidence he wanted to introduce with regard to his defense. He had rested. He did not call Alexander, and for good reason. Alexander's testimony did not support Petitioner's defense in any respect. The prosecutor was able to completely undercut Petitioner's duress defense on direct examination without posing a question to Alexander that required him to consider invoking his Fifth Amendment privilege.

Only when Petitioner's counsel sought to establish that Alexander had sold drugs to Petitioner—an issue peripheral to Petitioner's defense that Alexander had kidnapped Petitioner's son, held him hostage, and forced Petitioner to rob the Sunny Mart to secure his son's release—did Alexander claim the privilege. Plaintiff suggests that Alexander's testimony was detrimental to Petitioner's defense because the claim of privilege shrouded the truth. That is not the case. The testimony was detrimental to Petitioner's defense because it contradicted the defense at every key point. Thus, the court of appeal's determination that Petitioner's ability to present his

---

[1] The Sixth Circuit has held that "a district court is without authority either to grant immunity to a witness who asserts his Fifth Amendment privilege against self-incrimination, or to force the government o do so." *United States v. Meda*, 812 F.3d 502, 518 (6th Cir. 2015). Nonetheless, the Sixth Circuit has also discussed two exceptions: "if it is necessary to enable a defendant to present an effective defense and/or where it is necessary to remedy prosecutorial misconduct." *Id*. The former exception only applies where the government selectively grants immunity to its own witnesses but denies immunity to the defendant's witnesses. *Id*. That is not the case for Petitioner. The latter exception applies only when the prosecutor abuses its discretion by intentionally attempting to distort the fact-finding process. *Id*. That is also not the case for Petitioner. Even if Petitioner fit within these exceptions, however, they are not clearly established federal law and cannot serve as the grounds for habeas relief.

defense was not hampered by Alexander's claim of privilege is eminently reasonable. In short, Petitioner is not entitled to habeas relief on this claim.

### IV. Permitting Alexander to Testify in Rebuttal

Petitioner next argues that his trial was rendered unfair when the trial court permitted Alexander to testify at all. In this Court, the nature of Petitioner's argument on this point echoes his argument on the previous claim: "The trial court abused its discretion when it allowed the testimony of the rebuttal witness in part—the part that only supported the prosecution's case." (Pet., ECF No. 1, PageID.7.) In the state appellate courts, however, Petitioner's claim was slightly different. There, Petitioner argued that it was unfair to permit Alexander to testify because he was identified so late.

With regard to Petitioner's claim that it was unfair to permit Alexander to testify because he was identified late, the Michigan Court of Appeals disagreed:

> MCL 767.40a governs the disclosure of witnesses and the addition of late witnesses. That statute states in relevant part:
>
> > (1) The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers.
> >
> > (2) The prosecuting attorney shall be under a continuing duty to disclose the names of any further res gestae witnesses as they become known.
> >
> > (3) Not less than 30 days before the trial, the prosecuting attorney shall send to the defendant or his or her attorney a list of the witnesses the prosecuting attorney intends to produce at trial.
> >
> > (4) The prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties.
>
> "[T]o warrant reversal for a violation of MCL 767.40a, defendant must show that he was prejudiced by noncompliance with the statute." *People v Everett*, 318 Mich App 511, 523; 899 NW2d 94 (2017) (quotation marks and citation omitted). "Ultimately, error in the admission or exclusion of evidence does not warrant

reversal if, in light of the other properly admitted evidence, it does not affirmatively appear more probable than not that a different outcome would have resulted without the error." *Id*. at 523-524 (brackets, quotation marks, and citation omitted).

The name Reginald Alexander was not listed on the prosecution's known witness list; however, the name Reggie Hogan was on that list. Defendant believed that Alexander's name was Reggie Hogan. Additionally, Detective Ellis interviewed Alexander, who denied having any involvement in the kidnapping or robbery, and she memorialized that interview in a police report. The prosecution stated that it anticipated that Alexander's testimony would parallel his statements in the police report. Defense counsel confirmed that she had possession of, and had reviewed, police reports that listed Alexander's name and contact information and that Alexander might have relevant information.

Because Alexander's identity, contact information, and the substance of his potential testimony was disclosed to defendant through police reports, because the prosecution's known witness list included one of Alexander's aliases and the name that defendant knew him by, and because defendant himself presented testimony of Alexander's involvement, we conclude that the underlying purpose of MCL 767.40a—notice to defendant of potential witnesses—was satisfied. See, e.g., *People v Callon*, 256 Mich App 312, 326-327; 662 NW2d 501 (2003) (finding the requirements of MCL 767.40a(1) satisfied because the witness's identity was disclosed to the defendant through a toxicology report and the substance of the witness's testimony was known). Moreover, defendant has not demonstrated that he was prejudiced by any noncompliance with the statute or that it "affirmatively appear[s] more probable than not that a different outcome would have resulted without the error." *Everett*, 318 Mich App at 523-524.

*Echols*, 2017 WL 6346301, at *2-3.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. There can be no question that "[a] decision regarding the endorsement of a witness generally constitutes a state law matter within the trial court's discretion . . . ." *Warlick v. Romanowski*, 367 F. App'x 634, 6443 (6th Cir. 2010). State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in

8

the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552 (6th Cir. 2000).

Further, under the AEDPA, the court may not grant relief if it would have decided the evidentiary question differently. The court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000).

Petitioner has not met this difficult standard. He does not dispute the facts relied upon by the state court. Petitioner was well aware of Alexander. Indeed, it was Petitioner's duress defense that made Alexander an important witness. Petitioner was not surprised by Alexander's identity or the nature of his testimony. All of that information was provided by the prosecutor in the police reports supplied to defense counsel. Those circumstances not only favor the late endorsement of Alexander as a witness,[2] they also foreclose any claim that it was unfair, as a matter of due process, to permit the late endorsement. Petitioner simply cannot demonstrate any prejudice. Accordingly, Petitioner has failed to demonstrate that the court of appeals' determination is contrary to, or an unreasonable application of, clearly established federal law.

---

[2] The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized " 'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)).

9

To the extent Petitioner now attempts to recast this argument, as suggested above, his claim is unsupportable. For the reasons set forth in § III, above, Petitioner's trial was not rendered constitutionally unfair by the fact that Alexander responded to the prosecutor's questions and then claimed the privilege in response to the "drug dealer" question posed by defense counsel.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a Judgment and Order consistent with this Opinion.

Dated:  October 16, 2018                    /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     United States District Judge